IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOHN G. DAHLK,

                                 Petitioner,                         ORDER

         v.                                             08-cv-738-bbc

JUDY SMITH, Warden,
Oshkosh Correctional Institution,

                               Respondent.

John G. Dahlk, an inmate at the Oshkosh Correctional Institution, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the $5 filing fee. The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

Petitioner was convicted in April 1994 in the Circuit Court for Dane County of three counts of second degree sexual assault and one count of false imprisonment. He was sentenced to 27 years in prison. Petitioner does not contest the lawfulness of his conviction but only his sentence. He contends that 1) the prosecutor lied at the sentencing hearing when she told the court that petitioner had once attempted to kill his father and that this false information "tainted" the sentencing process; 2) his lawyer was ineffective for objecting to the prosecutor's statement; and 3) new parole policies implemented by the Wisconsin Department of Corrections have resulted in his serving more prison time than initially

contemplated by the trial court, in violation of the ex post facto clause.  In support of this

claim, petitioner asserts:

> To qualify for parole, the inmate has to complete the prescribed rehabilitation
> programs.  Dahlk has been "parole eligible" for well over six years but has been
> denied entry into two of his required rehabilitation programs.  By not
> completing these programs, Dahlk will not be considered for release on parole.
> Dahlk has been on the waiting lists for these programs for years but the
> Wisconsin D.O.C. has yet to offer him entry into his two mandatory
> rehabilitative programs.

Mem. In Supp. of § 2254 M., dkt. #2, at 6.  Petitioner appears to attribute the

department's refusal to permit him entry into the rehabilitative programs to a change in the

department's "parole policy" with regard to prisoners like him who are serving indeterminate

sentences.

According to the petition, petitioner did not present his first two claims to the state

trial court until 2006, more than 10 years after his conviction became final.  He  raised his

ex post facto claim in August 2007.

To be entitled to a writ of habeas corpus, a state prisoner must show that he is "in

custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C.

§ 2254(a).  If it plainly appears from the petition and any attached exhibits that the

petitioner  is not entitled to relief, the district court must dismiss the petition.  Rule 4 of the

Rules Governing Section 2254 Cases.

I begin with petitioner's ex post facto claim.  Although petitioner argues generally that

the department has implemented new parole procedures that operate more harshly than

those in place at the time of his conviction, he has not alleged that he is being denied parole altogether because of those procedures and does not challenge any particular decision by the department to deny him release on parole.  As a result, his challenge to the department's new parole procedures arises under 42 U.S.C. § 1983, not § 2254, which is reserved for constitutional challenges to the fact or duration of custody.  Moran v. Sondalle, 218 F.3d 647, 650 (7th Cir. 2000); Clark v. Thompson, 960 F.2d 663, 664-65 (7th Cir. 1992); Walker v. Prisoner Review Bd., 694 F.2d 499, 501 (7th Cir. 1982).  See also Richards v. Sondalle, 2001 WL 674626, *1 (7th Cir. 2001) ("Our cases . . . hold that claims challenging the procedures used for making parole decisions – as opposed to claims seeking release on parole – must be brought under § 1983") (nonprecedential disposition).  Accordingly, I will dismiss claim 3 without prejudice.  However, petitioner should think twice before raising his ex post facto claim in a complaint under § 1983.  In Grennier v. Frank, 453 F.3d 442, 445 (7th Cir. 2006), the Court of Appeals for the Seventh Circuit rejected a similar claim, holding that informal changes in Wisconsin's policy with respect to discretionary parole do not implicate ex post facto concerns.  In light of this precedent, petitioner risks incurring a "strike" under the Prisoner Litigation Reform Act, 28 U.S.C. § 1915(g), if he refiles his claim under § 1983.

Petitioner's first two claims, which contest the lawfulness of his sentencing proceeding, are properly brought under § 2254.  However, it is unlikely that petitioner will be entitled to relief because the claims are untimely.  The Antiterrorism and Effective Death

3

Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations period for all habeas proceedings running from certain specified dates.  28 U.S.C. § 2244.  The one-year limitations period begins to run from the latest of 1) the date on which judgment in the state case became final by the conclusion of direct review or the expiration of the time for seeking such review; 2) the date on which any state impediment to filing the petition was removed; 3) the date on which the constitutional right asserted was first recognized by the Supreme Court, if that right was also made retroactively applicable to cases on collateral review; or 4) the date on which the factual predicate of the claims could have been discovered through the exercise of due diligence. § 2244(d)(1)(A)-(D).

Petitioner does not appear to be seeking habeas relief on the basis of any newly-recognized constitutional right or newly-discovered facts or contending that the state impeded him from filing his habeas petition sooner.  Accordingly, the relevant starting date for statute of limitations purposes is the date on which petitioner's conviction became "final," as described in § 2244(d)(1)(A).  Petitioner was convicted on April 14, 1994.  According to the petition, petitioner appealed, but his lawyer filed a no-merit report.  The court of appeals decided petitioner's appeal on June 2, 1995 and petitioner did not seek further review from the state supreme court.  Thus, his conviction became final on approximately July 2, 1995, which was the last date on which he could have petitioned the state supreme court for review.  Wis. Stat. § 809.62 (party has 30 days to petition supreme court to review adverse decision of court of appeals).  Because this date preceded the April

4

24, 1996 enactment date of the AEDPA, however, petitioner had until April 24, 1997 to file his federal habeas corpus petition. Araujo v. Chandler, 435 F.3d 678, 680 (7th Cir. 2005) (petitioners whose convictions became final before AEDPA's enactment date had one-year grace period for timely petitions to federal court). Petitioner did not, however, file a federal habeas petition or take any steps to challenge his conviction or sentence until approximately 2006, when he filed a motion to vacate his sentence in the state trial court. He filed his federal habeas petition on December 18, 2008.

Thus, the petition is untimely unless there is time that can be excluded by virtue of statutory or equitable tolling. Pursuant to 28 U.S.C. § 2244(d)(2), time is tolled, that is, it does not count against the one-year statutory period, while a properly filed application for post conviction relief is pending in state court. That provision does not help petitioner because he did not file any motion for postconviction relief in the state courts until 2006, well after his federal limitations period had expired. Once that period expired, there was no longer any time to which the tolling provision could apply. Graham v. Borgen, 483 F.3d 475, 483 (7th Cir. 2007) (state court motion for collateral relief that was not filed until after federal habeas deadline expired had no tolling effect).

Likewise, petitioner is unlikely to be able to benefit from the doctrine of equitable tolling. The Court of Appeals for the Seventh Circuit has noted that equitable tolling "may be available when some impediment of a variety not covered in § 2244(d)(1) prevents the filing of a federal collateral attack." Owens v. Boyd, 235 F.3d 356, 360 (7th Cir. 2000).

5

Equitable tolling, in theory, "excuses a timely filing when the plaintiff could not, despite the exercise of reasonable diligence, have discovered all the information he needed in order to be able to file his claim on time." Taliani v. Chrans, 189 F.3d 597, 597 (7th Cir. 1999). However, the Seventh Circuit has "yet to identify a circumstance that justifies equitable tolling in the collateral relief context." Modrowski v. Mote, 322 F.3d 965, 967 (7th Cir. 2003) (citing Lloyd v. Van Natta, 296 F.3d 630, 633 (7th Cir. 2002) (lack of access to trial transcript does not warrant equitable tolling); Montenegro v. United States, 248 F.3d 585, 594 (7th Cir. 2001) (equitable tolling not justified by lack of response from attorney, language barrier, lack of legal knowledge and transfer between prisons), overrruled on other grounds by Ashley v. United States, 266 F.3d 671 (7th Cir. 2001); United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000) (equitable tolling not warranted by unclear law and death of attorney's father).

I am doubtful that petitioner will be able to point to facts showing that his is the rare case in which equitable tolling is appropriate. Nonetheless, before dismissing his first two claims, I will give petitioner the opportunity to attempt to make this showing. Petitioner will have until January 21, 2009, in which to file a supplement to his petition showing that he could not have raised his challenges to his sentence any earlier than he did.

6

ORDER

IT IS ORDERED that:

1.  Claim 3 of the petition filed by John G. Dahlk is DISMISSED WITHOUT PREJUDICE because it is not properly brought under 28 U.S.C. § 2254.

2.  Petitioner has until January 21, 2009, in which to file a supplement to his petition showing that extraordinary circumstances prevented him bringing a federal habeas petition with respect to Claims 1 and 2 before December 18, 2008.

Entered this 30th day of December, 2008.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge