IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN DAHLK,

                Petitioner,                              ORDER

     v.                                            08-cv-0738-bbc

JUDY SMITH, Warden,
Oshkosh Correctional Institution,

                Respondent.

---

On December 31, 2008, I issued an order directing petitioner John Dahlk to file a supplement to his habeas corpus petition showing that extraordinary circumstances prevented him from filing his petition within the limitations period prescribed by 28 U.S.C. § 2244(d)(1)(A). Petitioner has complied with that order and filed his supplement. Unfortunately for petitioner, however, he has failed to allege facts showing that extraordinary circumstances beyond his control prevented him from filing his petition on time.

Petitioner acknowledges that he was aware of the factual basis for his claim (that the prosecutor lied at sentencing when she told the court that petitioner had once attempted to kill his father) at the time the statement was made. The fact that petitioner did not discover a case with arguably similar facts until many years later did not *prevent* him from raising the claim. "Time begins . . . when the prisoner knows (or through diligence could discover) the

important facts, not when the prisoner recognizes their legal significance." Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000). See also Montenegro v. United States, 248 F.3d 585, 594 (7th Cir. 2001) (equitable tolling not justified by lack of response from attorney, language barrier, lack of legal knowledge and transfer between prisons), overrruled on other grounds by Ashley v. United States, 266 F.3d 671 (7th Cir. 2001). Petitioner's allegations are insufficient to warrant tolling of the statute of limitations with respect to his first two claims.

In his supplement, petitioner also objects to that portion of my order dismissing his third claim, wherein petitioner alleged that the Department of Corrections has implemented new, more harsh parole policies that have had a detrimental effect on his ability to obtain release on parole. Petitioner disagrees with my finding that because he was not claiming that he had actually been denied parole as a result of the change in parole policy, he must proceed under 42 U.S.C. § 1983, not habeas corpus. Petitioner asserts that he *is* claiming that the new parole policy has resulted in the denial of his parole. I construe petitioner's arguments as a request for reconsideration of my previous order.

To the extent that my previous order suggested that petitioner's habeas action could proceed if he made a specific allegation that he was being denied parole as a result of the change in policy, it was incorrect. Petitioner's ex post facto claim must be brought under § 1983 because it does not necessarily imply the invalidity of petitioner's confinement or its duration. Williams v. Benik, 04-C-966-C, Op. and Order entered April 18, 2005 (copy

2

attached). Success on petitioner's ex post facto claim means at most a new parole hearing at which he might or might not be endorsed for the rehabilitation programs that he says are necessary before he will be granted parole. Because success on petitioner's claim would not necessarily lead to his speedier release, his claim does not lie at the "core" of habeas corpus and thus must be brought under § 1983. Id.

ORDER

IT IS ORDERED that:

1. Claims 1 and 2 of John G. Dahlk's petition for a writ of habeas corpus are DISMISSED WITH PREJUDICE as untimely.

2. Petitioner's motion for reconsideration of that portion of the December 31, 2008 order dismissing Claim 3 without prejudice to his refiling it as an action pursuant to 28 U.S.C. § 1983 is DENIED.

Entered this 28th day of January, 2009.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge