IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN DAHLK,

                                                   OPINION AND ORDER

            Petitioner,

                                                   08-cv-738-bbc

    v.

JUDY SMITH, Warden,
Oshkosh Correctional Institution,

           Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner John Dahlk has written a letter to the court, saying that he believes that the court erred in dismissing his 2008 petition for a writ of habeas corpus. Dkt. #8. Although petitioner has not brought his claim in the form of a motion, no purpose would be served in requiring him to resubmit it as a motion because the claim has no merit. I will construe the letter as a motion and deny it as untimely.

      In his original petition, dkt. #1, petitioner contended that the state court sentence imposed upon him in 1994 was improper because the district attorney made false and prejudicial statements at sentencing and his trial attorney gave him ineffective assistance by failing to object to the comments. Petitioner also claimed that his rights had been violated by enactment of "Truth in Sentencing" legislation, which extended the time he was required to remain in prison.

      This court dismissed the petition as to the "Truth in Sentencing" claim on the ground

1

that petitioner had not alleged that he was being denied parole altogether because of the new procedures and was not challenging any particular decision of the Department of Corrections to deny him parole.  Dec. 31, 2008 Order, Dkt. #4.  It never reached the merits of petitioner's first two claims because petitioner was unable to show that his petition was timely.  The record showed that he had not raised the claims in state court until 2006, more than ten years after his conviction had become final.  He was given an opportunity to show that his case was one in which equitable tolling might be appropriate, but he did not make the necessary showing.

Petitioner contends now that it was error for this court to dismiss his 2008 petition because the state public defender had raised the issue of prejudicial sentencing comments in his "no-merit" report.  I noted in an order entered on December 31, 2008 that the defender had filed such a motion after petitioner was convicted in April 1994 and that the state court of appeals had denied his appeal on June 2, 1995.  As I explained in the 2008 order, petitioner never asked for further review from the state supreme court or filed a motion for post conviction relief in the state courts until 2006, well after his opportunity for filing a petition for a writ of habeas corpus in this court had expired.  Thus, his motion was untimely under 28 U.S.C. § 2244(d)(1) and this court is barred from considering it.

ORDER

Petitioner's letter, received on October 17, 2014, is construed as a motion for leave to re-file his petition for a writ of habeas corpus under 28 U.S.C. § 2254 and DENIED for

his failure to show that his petition is timely under § 2244(d)(1).

    Entered this 6th day of November, 2014.

                                        BY THE COURT:
                                        /s/
                                        BARBARA B. CRABB
                                        District Judge